ANNE FRANKLIN STANLEY, PETITIONER, *v.* COMMISSIONER OF
INTERNAL REVENUE, RESPONDENT.

Docket No. 76414. Filed December 30, 1959.

*Anne Franklin Stanley, pro se.*
*Paul J. Weiss, Jr.,* for the respondent.

TRAIN, *Judge:* The respondent determined a deficiency in petitioner's income tax for the calendar year 1956 in the amount of $2,252.74. Some of the respondent's adjustments are not contested. The sole issue for decision is whether the gain realized by the petitioner from the sale of a farm, or any portion of that gain, qualifies for nonrecognition under section 1034 of the Internal Revenue Code of 1954, relating to the sale or exchange of a residence.

### FINDINGS OF FACT.

Petitioner is an individual who is a resident of Roanoke, Virginia. She filed her individual income tax return for 1956 with the director of internal revenue at Richmond, Virginia.

In the year 1873, petitioner's grandparents purchased a farm located in Franklin County, Virginia. The petitioner lived on that farm with her grandparents during her childhood until 1927. The entire farm, excluding the family burial plot, was sold in 1928 to persons outside the family.

During subsequent years, petitioner lived with an aunt, married, and then in 1944 moved with her daughter into her own parents' home in Roanoke where she continued to reside until after the taxable year involved. During 1956, petitioner was employed as a nurse's aide at Catawba Tuberculosis Sanatorium, a North Carolina State hospital, where she maintained a room. However, she traveled back and forth between the hospital and her parents' home, and she considered the latter to be her actual home in 1956.

The petitioner had always hoped to acquire possession of the old family farm described above, and, on March 28, 1956, she purchased it at a total cost of $3,200. The farm consisted of approximately 94 acres at that time. The old home had burned down previous to the purchase and, on the date of petitioner's purchase, the only living quarters located on the property was a log cabin.

In the same month of March 1956, the petitioner acquired a home-site in a subdivision known as Catawba Valley in Roanoke. Her original purchase was of one lot to which she later added an adjoining lot.

On September 21, 1956, the petitioner sold the farm to Thompson Products, Inc., for $14,200. Of that amount, $7,000 was paid by Thompson Products, Inc. The balance of $7,200 was paid to petitioner by private citizens in the community who were anxious to have the Thompson Products plant located in the vicinity. Petitioner would not have sold the farm to Thompson Products, Inc., but for the receipt of the additional $7,200. The entire $14,200 received by petitioner represented consideration for her sale of the farm. The petitioner's gain from the sale, over and above the cost of the property and the expenses of the sale, was $9,200. The petitioner reported no portion of this gain upon her 1956 return.

On July 15, 1957, the petitioner started construction of a new home on the site she had acquired in Catawba Valley. The new home was sufficiently complete on February 5, 1958, so that petitioner was able to move into it on that date. The cost of the new home was in excess of $9,200.

Petitioner made some effort to farm the property, the sale of which is here involved. However, subsequent to her purchase of the farm in 1956 and up to the date of its sale the same year, she at no time took up residence upon the farm.

OPINION.

Section 1034 of the 1954 Code, upon which petitioner here relies provides, in pertinent part, as follows:

SEC. 1034. SALE OR EXCHANGE OF RESIDENCE.

(a) NONRECOGNITION OF GAIN.—If property (in this section called "old residence") used by the taxpayer as his principal residence is sold by him after December 31, 1953, and, within a period beginning 1 year before the date of such sale and ending 1 year after such date, property (in this section called "new residence") is purchased and used by the taxpayer as his principal residence, gain (if any) from such sale shall be recognized only to the extent that the taxpayer's adjusted sales price (as defined in subsection (b)) of the old residence exceeds the taxpayer's cost of purchasing the new residence.

\* \* \* \* \* \* \*

(c) RULES FOR APPLICATION OF SECTION.—For purposes of this section:

\* \* \* \* \* \* \*

(2) A residence any part of which was constructed or reconstructed by the taxpayer shall be treated as purchased by the taxpayer. In determining the taxpayer's cost of purchasing a residence, there shall be included only so much of his cost as is attributable to the acquisition, construction, reconstruction, and improvements made which are properly chargeable to capital account, during the period specified in subsection (a).

\* \* \* \* \* \* \*

(5) In the case of a new residence the construction of which was commenced by the taxpayer before the expiration of one year after the date of the sale of the old residence, the period specified in subsection (a), and the 1 year referred to in paragraph (4) of this subsection, shall be treated as including a period of 18 months beginning with the date of the sale of the old residence.

From the evidence, we are satisfied that construction of petitioner's new residence was completed within 18 months of the sale of the farm, that the new residence did in fact become her "principal residence" within the meaning of the statute, and that the entire gain realized by petitioner from her sale of the farm was reinvested as part of the cost of her new home. The only remaining qualifying factor which petitioner must establish in order to bring the transaction within section 1034 is that the farm was her principal residence.

The petitioner has made no attempt to suggest to the Court that she was using the farm as a residence at the time of its sale or indeed that it could in fact have been so used. The farm was not petitioner's principal residence within the meaning of the statute, and the gain derived from its sale does not qualify for nonrecognition. The statute is clear and unambiguous and leaves no room for discretion in this respect.

The petitioner gave the Court an account of various misrepresentations which she claimed had been made to her in connection with the sale of the farm. She claimed that she was told that the United States wanted the property, that it was her patriotic duty to sell, that she would be considered a Communist if she did not, and so forth. Whatever the basis may be for these statements, it is plain that they have no materiality to the issue before us.

*Decision will be entered for the respondent.*