MICHAEL L. AND KATHELINE M. SWEDELSON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Swedelson v. Commissioner
Docket No. 14551-89
United States Tax Court
T.C. Memo 1991-10; 1991 Tax Ct. Memo LEXIS 10; 61 T.C.M. (CCH) 1650; T.C.M. (RIA) 91010; January 14, 1991, Filed *10 Decision will be entered under Rule 155. Held, petitioners failed to substantiate their claims for employee business expenses, entertainment expenses, referral fees, business gifts, educational expenses and charitable contributions. Held further, where petitioners failed to maintain records, their local automobile expenses estimated from available information. Cohan v. Commissioner, 39 F.2d 540 (2d Cir. 1930). Held further, investment tax credit on automobile determined. Held further, petitioner is subject to self-employment tax. Held further, respondent's imposition of additions to tax under sections 6651(a)(1), 6661, and 6653(a)(1) and (2), are sustained. Gary R. Bennett, for the petitioners. James P. Thurston, for the respondent. DAWSON, Judge; WOLFE, Special Trial Judge. DAWSON
MEMORANDUM OPINION These cases were assigned to Special Trial Judge Norman H. Wolfe pursuant to the provisions of section 7456 (redesignated as section 7443A by the Tax Reform Act of 1986, Pub. L. 99-514, section 1556, 100 Stat. 2755) and Rule 180 et seq. [1] The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below. *11 OPINION OF THE SPECIAL TRIAL JUDGE Respondent determined a deficiency of $ 8,735.00 in petitioners' Federal income tax for 1984 and additions to tax for that year in the amount of $ 1,674.25 under section 6651(a)(1) for failure timely to file a tax return; in the amount of $ 2,183.75 under section 6661 for substantial understatement of income tax; in the amount of $ 459.50 under section 6653(a)(1) for negligence; and under section 6653(a)(2) in an amount equal to 50 percent of the interest due on the underpayment attributable to negligence. After concessions by the parties, the issues for decision are: (1) whether petitioners have substantiated and are entitled to deductions of $ 2,112.00 for employee business expenses claimed on Form 2106 of their 1984 return; (2) whether petitioners have substantiated and *12 are entitled to deductions for the following business expenses claimed on Schedule C of their 1984 return: automobile expenses of $ 11,926.00; promotional expenses of $ 1,870.00; referral fees of $ 3,100.00; business gifts to customers of $ 1,045.00; and educational expenses of $ 1,800.00; (3) whether petitioners have substantiated and are entitled to a deduction in the amount of $ 2,200.00 for charitable contributions claimed; (4) whether petitioners are entitled to an investment tax credit claimed on Form 3468 in the amount of $ 1,100.00; (5) whether petitioners are liable for self-employment tax on petitioner Michael L. Swedelson's self-employment income; and (6) whether petitioners are liable for additions to tax pursuant to section 6651(a)(1), section 6661, section 6653(a)(1) and 6653(a)(2). Some of the facts have been stipulated and are so found. The stipulated facts and attached exhibits are incorporated by this reference. Petitioners were married and resided in Fremont, California, at the time they filed their petition. Petitioner Michael L. Swedelson (hereafter referred to as petitioner) was a salesperson/sales manager involved in the marketing of home insulation and *13 solar energy products in 1984. During the first five months of 1984 petitioner worked for Dynasty Industries, Inc. ("Dynasty") of San Jose, California. Petitioner's duties included selling to his own customers and following up on company-furnished referrals of potential buyers through door-to-door sales in the greater San Francisco Bay area. He also recruited and trained other salespeople. As a Dynasty employee, petitioner principally worked out of the Hayward and San Jose offices. After terminating his employment with Dynasty in May of 1984, petitioner covered the same territory and performed similar duties as an independent contractor for MCM-Creative Insurance Services, Inc. ("MCM"), a competitor of Dynasty, located in Santa Clara, California. As an independent contractor, petitioner maintained an office in his home but also worked out of MCM's Hayward and Santa Clara offices. For 1984, petitioner Michael L. Swedelson reported wages of $ 27,690.00 from Dynasty and a loss from Schedule C investment activity of $ 1,332.00. Petitioner Katheline M. Swedelson (nee Lowden) is a travel agent employed by Fremont World Travel, Inc. in Fremont, California. She reported wages of $ *14 11,340.00 for 1984. On April 12, 1985, petitioners filed Form 4868, "Application for automatic Extension of Time to File U.S. Individual Income Tax Return," and received a four month automatic extension of time to file their 1984 joint Federal income tax return. The extension expired on August 15, 1985. On April 17, 1986, petitioners filed a document purporting to be their 1984 joint Federal income tax return. Petitioners did not sign the document. Respondent's determinations as to petitioners' tax liability are presumed correct and petitioners have the burden of proving otherwise. Welch v. Helvering, 290 U.S. 111, 115, 78 L. Ed. 212, 54 S. Ct. 8 (1933); Rule 142(a). For convenience and clarity, additional findings of fact and the applicable law are combined with respect to each issue. A. Substantiation of Employee Business Expenses
Petitioners claimed $ 2,112.00 of deductible unreimbursed employee travel expenses on Form 2106. At trial, petitioner stated that the expenses represented amounts paid by his wife, Katheline M. Swedelson, for travel to familiarize herself with the hotel rates and accommodations offered in three cities. Three cancelled checks totalling $ 2,112.00 were submitted *15 to substantiate the deduction. All of the checks were written to Fremont Travel, petitioner Katheline M. Swedelson's employer. Two of the checks are imprinted with the name Katheline M. Lowden. The other is imprinted with the name Michael L. Swedelson and includes a handwritten notation on the bottom which reads "TRAV. CHKS." At trial, petitioner testified that the check with the notation represented an amount paid for traveler's checks for himself. Respondent disallowed petitioners' claimed employee business expense deduction on the ground that it is unsubstantiated. Section 162 allows a deduction for ordinary and necessary business expenses, including travelling expenses while away from home in the pursuit of a trade or business. To be deductible, the travel expenses must be (1) reasonable and necessary traveling expenses, as that term is generally understood; (2) incurred while away from home; and (3) directly connected with carrying on the taxpayer's business. Commissioner v. Flowers, 326 U.S. 465, 470, 90 L. Ed. 203, 66 S. Ct. 250 (1946). Section 274(d) disallows a travel expense deduction claimed under section 162 if the taxpayer does not substantiate the claim by adequate records or corroborate *16 his own testimony as to the amount of the expense, the time and place of the travel and, the business purpose of the expense or trip. Petitioner has not provided convincing evidence to establish that the checks were written in connection with business travel. Petitioner had only vague knowledge of the details of his wife's trips. He was unsure of her dates of travel and the length of her stays. Petitioner Katheline M. Swedelson failed to testify to substantiate her claimed employee travel expenses. Petitioner failed to prove the business purpose of the payments for traveler's checks for himself. Respondent's determination as to this issue is sustained. B. Substantiation of Business Expenses
Respondent disallowed a portion of petitioner's Schedule C business expense deductions as unsubstantiated. Generally, taxpayers are required to substantiate claimed deductions and credits by maintaining the records needed to establish the amount of such items. Sec. 6001; sec. 1.6001-1(a), Income Tax Regs.
1. Automobile Expenses
On their 1984 income tax return, petitioners claimed a deduction of $ 11,926.00 for automobile expenses attributable to one car placed in service *17 on February 1, 1984. Respondent disallowed this deduction on the ground that petitioner failed to substantiate the claim. Petitioners owned and operated three motor vehicles during 1984. From January 1, 1984, to approximately April 14, 1984, petitioner owned a 1978 Chevrolet Corvette which he claims was used 60 to 70 percent of the time for business purposes. During this period, petitioners allegedly put 8,500 miles on the Corvette, and they claim that 5,300 miles should be allocated to business use. On February 26, 1984, for $ 20,194.00 petitioner Katheline M. Swedelson bought a new Datsun 300ZX Turbo, which she used to commute to work. Her husband claims he used the Datsun 15 to 20 percent of the time for business purposes, primarily on Saturdays and while she was away on business. Petitioners claim they put 20,000 miles on the Datsun during 1984, and that 2,800 miles should be allocated to business use. On March 2, 1984, petitioners obtained financing from First Interstate Bank and converted the purchase of the Datsun into a lease. The lease indicates a capitalized cost of $ 17,900.00 and monthly repayments in the amount of $ 291.07. On March 18, 1984, for $ 17,657.00 *18 petitioner Katheline M. Swedelson bought a new Saab 934M, which petitioner claims he used 93.75 percent of the time for business use. From March 19, 1984 until December 31, 1984, petitioners claim to have put 26,479 miles on the Saab, of which 25,281 miles should be allocated to business use. As part of petitioners' claimed automobile expenses, petitioners include interest and taxes in the amount of $ 2,300.00. Petitioner testified that the interest and taxes claimed represent amounts paid on all three cars. In addition, petitioners claim a deduction on Schedule A for general sales tax on motor vehicles in the amount of $ 1,318.00. Petitioner testified that this deduction represents amounts paid on the Saab and Datsun, but was not sure if such amounts were separate and distinct from amounts claimed on his Schedule C as automobile expenses. On the same Schedule A, petitioners also claimed a deduction for interest on a bank loan in the amount of $ 1,600.00. Petitioner did not know which bank loan was referred to and suggested that the interest deducted may represent interest paid on the Saab. From our review of documentary evidence in the record, we find that the sales tax paid *19 on the Datsun is $ 1,314.00 and the sales tax paid on the Saab is $ 1,149.00. Section 162 permits a deduction for the expense of leasing or owning and operating an automobile used in the conduct of a trade or business. If a taxpayer fails to maintain adequate records of local transportation expenses, we may estimate the amount he is entitled to deduct if he provides a means of making a reasonable estimate of the expenses. Cohan v. Commissioner, 39 F.2d 540 (2d Cir. 1930). In order to make an estimation, there must be sufficient evidence to show that at least the estimated amount was actually spent or incurred for the stated purpose. Williams v. United States, 245 F.2d 559, 560 (5th Cir. 1957). Furthermore, in making an estimate, we may bear heavily on petitioner "whose inexactitude is of his own making." Cohan v. Commissioner, supra at 544. To deduct mileage costs, a taxpayer may elect a standard mileage allowance or establish his actual costs. The standard mileage allowance requires an affirmative election by the taxpayer in the first year the vehicle is placed in service. If the election is properly made, then the vehicle is excluded from the Accelerated Cost *20 Recovery System (ACRS). If the actual cost method is used by the taxpayer he must provide convincing evidence or testimony regarding each of his actual costs. In either case, the taxpayer may also claim deductions for interest under section 163 and for automobile sales taxes as state and local taxes under section 164. If the automobile is for personal and business use, then an allocation must be made to determine the proper amounts to be deducted on Schedule C as a business expense and on Schedule A as an itemized deduction. Petitioner has offered nothing but his own statement to show that the automobiles were used for business purposes. He has provided neither records nor convincing testimony about the extent, nature, or particulars of his business travel. He claims three different amounts as interest expense, but cannot clearly identify what the amounts represent. On their 1984 return petitioners stated that the mileage for 11 months of the year on the one car referred to, presumably the Saab, was 30,124 miles. However, an odometer reading taken on September 22, 1984, by an independent party read 10,131 miles. Petitioner also stated that from November 9, 1984 to December *21 18, 1984, he used a rented car for business while the Saab was being repaired. This information suggests that it would have been impossible for petitioner to have travelled the 28,241 miles claimed for business by the end of the year. Petitioners did not elect the standard mileage allowance. They have submitted evidence of actual automobile expenditures, but such evidence is inconsistent, of questionable authenticity and generally is unconvincing. Petitioner simply failed to assemble evidence sufficient for us to determine his interest expense allocable to his business or his actual expenses for business use of an automobile in 1984 with any confidence in the accuracy of such a determination. We are not required to accept petitioner's self-serving and uncontradicted testimony. Wood v. Commissioner, 338 F.2d 602, 605 (9th Cir. 1964), affg. 41 T.C. 593 (1964). We find that petitioner has not met his burden of showing that any of the automobiles, including the Saab, was used the claimed percentage of the time for business purposes. The only fact supporting petitioner's claim of business use of automobiles is that, aside from his management functions in his occupation, he *22 sold products door-to-door and presumably used a car to do so. Under Cohan, we may make an approximation of deductible local business expenses based on independent evidence of the 1984 mileage on the Saab and other evidence of some business use of other vehicles. Cohan v. Commissioner, supra. Consequently, we estimate that petitioner used the several family vehicles in some combination approximately 10,000 miles per year for business. We conclude that petitioners are entitled to deduct $ 2,000.00 of their claimed auto expenses on Schedule C. In addition, claimed deductions for parking and tolls are allowed to the extent of $ 100. Since petitioners have failed to provide sufficient evidence for us to make any allocation of interest or automobile sales tax expenditures to Schedule C, we allow no interest expenses in excess of those claimed by petitioners on Schedule A, and we allow petitioners' automobile sales taxes in the total amount of $ 2,453.00 on Schedule A. 2. Promotional Expenses
Petitioners claimed a deduction of $ 1,870.00 for promotional or entertainment expenses. To substantiate the claimed deduction they submitted 44 receipts as evidence. Only three *23 of the receipts submitted include a notation as to whom petitioner entertained. Only one of those three documents includes information regarding the name of the person entertained, the purpose, the day, the month and the year of the dinner. No further evidence was submitted except petitioner's own testimony. Section 274(d) requires the taxpayer to substantiate entertainment expenses by adequate records or sufficient evidence corroborating his own testimony as to the purpose, amount, time, and place of the expense, as well as the business relationship between the taxpayer and the persons entertained. Sec. 1.274-5(b)(3), Income Tax Regs.
Petitioners have not substantiated their claim for a deduction for promotional expenses. With the exception of one item of $ 107.35 the documentation which petitioner presented to prove entertainment or other promotional expenses is faulty. Petitioner presented no corroborating evidence to prove his assertion that he was required to entertain people and that he was not later reimbursed by his employer. From the evidence in this record, the claimed expenses for business entertainment expenses might well be personal in nature. Respondent's denial *24 of petitioner's deduction for promotional expenses is sustained, except to the extent of $ 107.35. 3. Referral Fees
On petitioners' 1984 tax return, a deduction in the amount of $ 3,100.00 was claimed as the cost of referral fees paid in cash to customers who recommended others as potential purchasers of home insulation and solar energy systems. Respondent denied the deduction on the ground that petitioners did not substantiate their claim. Petitioner testified that the fees paid to customers averaged between one and two hundred dollars each. He also testified to having determined the claimed $ 3,100.00 deduction from memory, rather than from documentation. No additional evidence was submitted to substantiate the claim. This Court need not accept as evidence the uncontradicted testimony of an interested party. Wood v. Commissioner, supra. Petitioner failed to introduce appropriate checks or other convincing documentary evidence or testimony of other persons to corroborate his claim that he paid substantial referral fees. Petitioner has again failed to meet his burden of proof, and respondent is sustained on this issue. 4. Business Gifts
On their 1984 tax *25 return petitioners claimed a deduction of $ 1,045.00 for business gifts. These gifts consisted of cameras allegedly given to potential customers as an incentive to allow petitioner to enter the customers' homes and demonstrate the solar energy products. Respondent disallowed this deduction on the ground that petitioners failed to substantiate their claim. The deductibility of gifts as business expenses under section 162 is limited by section 274(b). Under section 274(b) business gift deductions are disallowed to the extent that the cost of the gift exceeds the annual limitation of $ 25.00 per recipient. For this purpose, the cost of the gift refers to the cost to the donor, rather than the value of the gift to the recipient. To be deductible as ordinary and necessary, the business gift expense claimed by a taxpayer must contribute to the earning of his income; Sutter v. Commissioner, 21 T.C. 170, 173-174 (1953); and must be customary in the taxpayer's business. Teeling v. Commissioner, 42 T.C. 671, 686 (1964). To substantiate the claimed deduction, petitioner submitted three receipts for cameras. Each of the receipts had been altered as to the date or amount. We *26 find these receipts to be unreliable. Moreover, petitioner's testimony regarding the camera gift program and his explanations about the camera purchases and the altered receipts are unconvincing. Petitioner simply failed to provide adequate evidence of the existence of a camera-gift program in connection with his work or of his claimed expenditures in any such program. Two additional receipts were submitted as evidence of gifts. These receipts represented payments made for a gold frame ($ 21.19) and a book ($ 9.53). These two receipts and the testimony offered with them substantiate payments for business gifts. We sustain respondent's disallowance of the claimed deduction for business gifts except to the extent of $ 30.72. 5. Educational Expenses
Petitioners claimed a deduction of $ 1,800.00 for educational expenses on their 1984 return. No documentation was submitted to substantiate the claim. At trial petitioner testified that the deduction represented amounts paid for various seminars, but he could not remember if he had attended the seminars before, during, or after 1984. He admits that in preparing his return he guessed that he attended three seminars during 1984 *27 and paid a couple of hundred dollars for each one. No further explanation was given for the $ 1,800.00 deduction. Respondent disallowed the claimed educational expense deduction on the ground that petitioner failed to substantiate the claim. Education expenses are deductible under section 162 if the education: (1) Maintains or improves skills which the taxpayer requires in his trade or business or (2) meets the express requirements of his employer or applicable law for the retention of his employment, status or rate of compensation. Sec. 1.162-5(a), Income Tax Regs. Expenses for education which satisfy either of these requirements are not deductible if the education is (1) required of the taxpayer "to meet the minimum educational requirements for qualification in his employment" or (2) part of a program of study which will lead to qualifying the taxpayer for a new trade or business. Sec. 1.162-5(b), Income Tax Regs.
Petitioner has not proven that the claimed educational expenses satisfy the requirements for deductibility nor has he met his burden of substantiating the amount claimed. He did not submit cancelled checks or receipts. Petitioner made no attempt to establish the *28 seminar dates, the topics of discussion or the name of the sponsoring group. Respondent's disallowance of the educational expense claimed is sustained. C. Charitable Contributions
1. Cash Contributions
On Schedule A, Form 1040, petitioners claimed charitable contributions in cash of $ 1,700.00 and contributions other than cash of $ 500.00. Their tax return indicates in Statement 1 that cash contributions were made in the following amounts: $ 1,000.00 to churches/temples, $ 100.00 to Scouts, $ 300.00 to the School for the Blind, and $ 300.00 to local schools. Respondent denied the deduction for cash contributions because of petitioners' lack of substantiation. Section 170 allows a deduction for charitable contributions subject to certain limitations. If a taxpayer makes a cash contribution, then the taxpayer in the absence of a cancelled check or receipt from the donee must maintain other reliable written records showing the name of each charity, and the date and the amount of each contribution. Sec. 1.170A-13(a)(1)(iii), Income Tax Regs.
When a taxpayer contributes money to charity in connection with a fund-raising event and in return receives a material benefit, *29 the taxpayer can claim a charitable contribution only to the extent the contribution is greater than the fair market value of the benefit received. Hernandez v. Commissioner, 490 U.S. 680, 104 L. Ed. 2d 766, 109 S. Ct. 2136 (1989); DeJong v. Commissioner, 36 T.C. 896, 900 (1961), affd. 309 F.2d 373 (9th Cir. 1962). Petitioner testified that the $ 1,000.00 designated as a contribution to churches and temples was the total amount paid for the purchase of a David Lee painting bought at a church fund-raising auction. Petitioner deducted the full amount paid instead of the excess over fair market value. Petitioner later claimed in his post-trial brief that he should have claimed 20 percent of $ 200.00 as a deduction. Petitioners failed to prove that they paid more than fair market value for the David Lee painting. Petitioners did not substantiate any of their claimed cash contributions by reliable written documentation. They made no reference in their return regarding the specifics of their claimed contribution. The only evidence offered to support the claimed deduction is petitioner's uncorroborated testimony. At trial petitioner stated that he could not recall any details about the charitable contribution *30 he claimed was made to local schools. Petitioner's testimony as to the amount of his cash contributions during 1984 is vague and unconvincing. Petitioners have not met their burden of proof to substantiate their cash charitable contributions and we sustain respondent's determination on this issue. 2. Noncash Contributions
Statement 2 of petitioners' return indicates that a contribution of noncash items was made to Goodwill in the amount of $ 500.00. Respondent denied the deduction because petitioners did not substantiate the claim and were not able to establish the fair market value of each of the items donated. As evidence of the claimed deduction petitioners submitted a donation receipt from the United Cerebral Palsy Association in the amount of $ 2,500.00. At trial petitioner testified that the receipt was written in his own hand and included only a lump sum amount based on his estimation of the total fair market values of the items contributed. When a charitable contribution was made in 1984 in property other than money, the taxpayer must maintain a receipt from the donee showing (1) the name and address of the donee, (2) the date and location of the contribution, *31 and (3) a detailed description of the property donated. Sec. 1.170A-13(b)(1) and (2), Income Tax Regs. The amount of the contribution is the property's fair market value at the time of the donation. Fair market value is defined as the price at which the property would change hands between a willing buyer and willing seller, neither being under any compulsion to buy or sell and both having a reasonable knowledge of relevant facts. See, e.g., United States v. Cartwright, 411 U.S. 546, 551, 36 L. Ed. 2d 528, 93 S. Ct. 1713 (1973); Sec. 1.170A-1(c)(2), Income Tax Regs. The receipt submitted by petitioners is unreliable because it was written by petitioner and does not include a detailed description of each contributed item. Under some circumstances we are permitted to estimate expenditures. Cohan v. Commissioner, supra.However, there must be sufficient evidence to show that the amount estimated was actually spent or incurred for the purpose claimed. Williams v. United States, 245 F.2d 559, 560 (5th Cir. 1957). In the present case, we do not have sufficient evidence to estimate how much, if anything, petitioners actually contributed. The charitable deduction is denied and respondent's determination *32 is sustained. E. Investment Tax Credit
Petitioners computed their investment tax credit on Form 3468 and determined a credit of $ 1,102 for 1984. The credit claimed is based on the automobile placed in service during 1984 i.e., the Saab. Respondent disallowed the investment tax credit on the ground that petitioners had failed to establish that they used the automobile in their trade or business. Section 38 generally allows a taxpayer to claim an investment tax credit for property placed in service during the year. The credit is reduced proportionately to the extent the taxpayer uses the property outside of the business. As noted above, petitioner has failed to satisfy his burden to substantiate the amount of business use of the automobiles owned during 1984. Nevertheless, we believe petitioner used the Saab to some extent for local business transportation purposes during 1984 and is entitled to some portion of the claimed investment tax credit. Under the Cohan rule we estimate petitioner's qualified investment to be $ 1,250.00 and tentative regular investment credit to be ten percent of the qualified investment or $ 125.00. Petitioners may deduct a $ 125.00 investment *33 tax credit for the Saab, and the balance of the deduction claimed is denied. F. Self-Employment Tax
Respondent determined petitioner is subject to self-employment tax. The amount of the tax is subject to our determinations of the other issues in this case. Section 1401 imposes a tax on self-employment income. Self-employment income is gross income derived by an individual from any trade or business carried on by such individual, less allowable deductions attributable to such trade or business. Sec. 1402(a) and (b). Petitioner is liable for the self-employment tax to the extent that he has self-employment income after the disallowances determined here. G. Additions To Tax
Respondent determined additions to tax for failure to file under section 6651(a)(1), for a substantial understatement of income tax under section 6661, and for negligence or intentional disregard of rules and regulations under section 6653(a)(1) and (2). Petitioners have the burden of proving that respondent's determination of the additions to tax is erroneous. Luman v. Commissioner, 79 T.C. 846, 860-861 (1982). Petitioners timely filed Form 4868 on April 12, 1985, which automatically *34 gave them a four month extension to file their 1984 income tax return. Although petitioners' extension expired on August 15, 1985, the document purporting to be their 1984 joint return was not filed until April 17, 1986. Petitioner has testified that he was unaware of the late filing until shortly before trial, when his counsel brought it to his attention. Petitioner offered no explanation as to how this could have occurred. Section 6651(a)(1) provides that the failure to file a tax return on or before the date prescribed, including extensions of time for filing granted to the taxpayer, will result in an addition to the tax. The addition to tax under section 6651(a)(1) will not be imposed if it can be shown that the failure to file was due to reasonable cause and not due to willful neglect. To avoid section 6651(a)(1) when filing a late return, the taxpayer should indicate in writing the existence of a reasonable cause for failing to file. The statement should be made under penalties of perjury, and filed with the District Director or the director of the service center where the return was filed. Sec. 301.6651-1(c)(1), Proced. & Admins. Regs. Petitioners did not include such *35 a statement when they filed in April of 1986. Here the document was unsigned and does not constitute a return. See Beard v. Commissioner, 82 T.C. 766, 777 (1984), affd. per curiam 793 F.2d 139 (6th Cir. 1986). Even assuming that the document constitutes a return we find that petitioners have not shown that their failure to file their 1984 tax return timely was due to reasonable cause nor have they shown the absence of willful neglect. Respondent's determination with regard to the addition to tax for late filing is sustained. Respondent determined a deficiency in petitioners' 1984 return of $ 8,735.00, causing petitioners to be subject to an addition to tax under section 6661 for substantially understating their income tax liability. Section 6661 adds to the tax for any taxable year 25 percent of the amount of any underpayment attributable to a "substantial understatement." Section 6661(b)(1)(A) defines a substantial understatement as an understatement of tax that "exceeds the greater of - (i) 10 percent of the tax required to be shown on the return for the taxable year, or (ii) $ 5,000.00." Respondent determined that the understatement was "substantial" within the meaning *36 of the Internal Revenue Code. To the extent that the understatement, as modified by this opinion, exceeds the greater of 10 percent of the tax required to be shown on the return or $ 5,000, respondent's determination with respect to the addition to tax under section 6661 is sustained. As to the section 6653(a) negligence addition, petitioners claim that their inability to produce most of the original documentation upon which their purported tax return supposedly is based is caused by the loss of items during their move to a new residence in March of 1985. Some of the documents that were presented as evidence by petitioners had been visibly altered as to quantity and amount. Petitioner was unable to explain how this had occurred. In other instances petitioner was unable to connect receipts to claimed deductions. At trial petitioner testified to having guessed at some of the amounts used as deductions on the purported 1984 return. Petitioner also failed to keep adequate records regarding business expenses and employee business expenses. Although petitioners claim to have lost records more than one year before they filed their purported 1984 return, they made no attempt to reconstruct *37 or duplicate the lost records until shortly prior to trial. Section 6653(a)(1) imposes an addition to tax if any part of an underpayment of tax is due to negligence or intentional disregard of rules or regulations. Negligence is defined as the failure to exercise the due care of a reasonable and ordinarily prudent person under like circumstances. Neely v. Commissioner, 85 T.C. 934, 947 (1985). Section 6653(a)(2) imposes an additional 50 percent of interest due on the underpayment attributable to negligence. We are convinced that the inaccuracies in petitioner's records and his inability to substantiate claimed deductions are the result of negligence. Respondent's determinations with regard to the additions to tax under section 6653(a)(1) and section 6653(a)(2) are sustained. Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code as amended and in effect for the years in issue, unless otherwise indicated. All rule references are to the Tax Court Rules of Practice and Procedure.↩