DAVID A. JONES AND CATHERINE M. JONES, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Jones v. Commissioner
Docket No. 8172-91
United States Tax Court
T.C. Memo 1992-466; 1992 Tax Ct. Memo LEXIS 487; 64 T.C.M. (CCH) 521; August 18, 1992, Filed *487 Decision will be entered under Rule 155. For David A. Jones: pro se. For Respondent: Julia L. Wahl. GOLDBERG
GOLDBERG
MEMORANDUM OPINION GOLDBERG, Special Trial Judge: This case was heard pursuant to section 7443A(b)(3) and Rules 180, 181, and 182. All section references are to the Internal Revenue Code in effect for the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure. Respondent determined deficiencies in petitioners' Federal income tax for tax years 1987 and 1988 in the respective amounts of $ 747 and $ 667. Some of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated by this reference. Petitioners resided in Saltsburg, Pennsylvania, when they filed their petition in this case. After concessions by the parties, the sole remaining issue for our decision is whether respondent properly disallowed the total amounts of petitioners' charitable contributions claimed for 1987 and 1988 in the respective amounts of $ 2,765 and $ 2,904. Petitioner David Jones is a professor of law and a practicing attorney. Hereinafter the term petitioner will be used to refer to David Jones. *488 During the years in question, Mrs. Jones was experiencing a complicated pregnancy and was ill a great deal of the time, some of the time confined to a wheelchair. Mrs. Jones claims to have made contributions to a California-based television evangelist, Dr. Robert Schuler, and possibly other religious organizations. She claims to have made these contributions in cash or by money order without telling petitioner about them. She also claims to have made cash contributions on the occasions when she attended church. Petitioner and Mrs. Jones have no documentation for these contributions. While petitioner and Mrs. Jones were away from home in the summer of 1990, their house was vandalized, animals were killed in their house, a flea infestation ensued, the house had to be sprayed with insecticide, and petitioner's records were contaminated. Petitioner subsequently discarded or destroyed the records. Respondent determined that no deduction was allowable for petitioner's claimed but unsubstantiated deductions for charitable contributions. For the reasons stated below, we sustain respondent's determination. We begin by noting that deductions are strictly a matter of legislative grace, *489 and a taxpayer has the burden of establishing that he or she is entitled to any deduction claimed on the return. Rule 142(a); Deputy v. du Pont, 308 U.S. 488, 493 (1940); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934); Welch v. Helvering, 290 U.S. 111, 115 (1933). All taxpayers are required to keep sufficient records to enable respondent to determine their correct tax liability. Sec. 6001; Menequzzo v. Commissioner, 43 T.C. 824, 831-832 (1965). Section 170 allows a deduction for charitable contributions subject to certain limitations. If a taxpayer makes a cash contribution, in the absence of a canceled check or receipt from the donee, he or she must maintain other reliable written records showing the name of each charity and the date and amount of each contribution. Sec. 1.170A-13(a)(1)(iii), Income Tax Regs.
None of the above-listed forms of documentation exists. Petitioner offers the defense of destruction of his records. The Schuler Foundation, a donee organization, had no record of Mrs. Jones' contributions. Mrs. Jones was not present and did not testify at trial. In his wife's *490 absence, petitioner offered his own extremely tentative and imprecise testimony concerning her contributions. Since his wife apparently tried to conceal these contributions from him, he has no firsthand knowledge of the amount or the recipients of the gifts. By the same token, he testified that his wife attended church and gave cash donations, but could only conjecture that she would have made approximately the same contributions he would have made had he been there. The rule is well established that the failure of a party to introduce evidence within his or her possession which, if true would be favorable, gives rise to the presumption that if produced, it would be unfavorable. Frierdich v. Commissioner, 925 F.2d 180 (7th Cir. 1991), affg. T.C. Memo. 1989-393 and T.C. Memo. 1989-103; Simon v. Commissioner, 830 F.2d 499, 506 (3d Cir. 1987), affg. T.C. Memo. 1986-156; Glimco v. Commissioner, 397 F.2d 537, 541 (7th Cir. 1968), affg. T.C. Memo. 1967-119. The failure of Mrs. Jones, the party with firsthand knowledge of the contributions, to appear at trial, *491 leaves petitioners with virtually no evidence upon which to base their case. The only evidence offered to support the claimed deduction is petitioner's uncorroborated testimony. Petitioner admits he has no personal knowledge of his wife's contributions and has produced no evidence of their existence or amount. His testimony as to the amount of charitable contributions in 1987 and 1988 is vague and unconvincing. Swedelson v. Commissioner, T.C. Memo. 1991-10. This Court is not bound to accept the unverified, undocumented testimony of taxpayers. See Hradesky v. Commissioner, 65 T.C. 87, 90 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976). Petitioner's testimony, without more, is not sufficient to carry his burden of proof. Carmack v. Commissioner, 183 F.2d 1 (5th Cir. 1950), affg. a Memorandum Opinion of this Court dated June 15, 1949. Petitioners have not met their burden of proof to substantiate any portion of their cash charitable contributions. We therefore sustain respondent's determination that petitioners are not entitled to any deductions for charitable contributions for the years in question. *492 In view of concessions by the parties, Decision will be entered under Rule 155.