LOUIS ROBERT DeMAURO, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
DeMauro v. Commissioner
Docket No. 12143-92
United States Tax Court
T.C. Memo 1994-460; 1994 Tax Ct. Memo LEXIS 465; 68 T.C.M. (CCH) 721; September 19, 1994, Filed *465 Decision will be entered for respondent. Louis Robert DeMauro, pro se. [1]
For respondent: Keith L. Gorman. PARR
PARR
MEMORANDUM FINDINGS OF FACT AND OPINION PARR, Judge: Respondent determined a deficiency in petitioner's Federal income tax for 1989 of $ 32,486 and an addition to tax under section 6662[2] in the amount of $ 562. The issues for decision are: (1) Whether petitioner failed to report gain from the sale of his residence; (2) whether petitioner failed to adequately support his expenses relating to his trade or business; *466 and (3) whether petitioner is liable for the section 6662 addition to tax. We hold for respondent on all three issues. FINDINGS OF FACT Some of the facts have been stipulated. The stipulation of facts, supplemental stipulation of facts, and attached exhibits are incorporated herein by this reference. At the time the petition herein was filed, petitioner resided in Burlington, New Jersey. Petitioner was married; however, he filed his income tax return as head of household for the year at issue. Petitioner has conceded that he is not entitled to head of household status since he was legally married during all of 1989. Petitioner worked as a division manager for a real estate company, Previews International, Inc. (Previews) from 1976 through 1988. In 1988 Previews was closed by its owners Coldwell Banker. In 1989, petitioner accepted an offer to work for a line of Coldwell Banker known as Coldwell Banker Previews. There petitioner was responsible for the listing, marketing and sales of the upper tier home market. This work was previously conducted by Previews. Pursuant to the terms of the offer, petitioner would perform services as an independent contractor and was compensated *467 through commissions and reimbursement of all business expenses as incurred. Petitioner's employment with Coldwell was terminated in October of 1989. Petitioner formed a corporation on October 2, 1989, to carry on his real estate sales business. However, pursuant to litigation with Coldwell Banker, an injunction was issued against the corporation from operating in the United States. Petitioner sold his residence at 1117 Delaware Avenue, Delanco, New Jersey, on December 14, 1989, for $ 285,500, in part, to defray costs of the litigation, and in part to continue operating his real estate business. The parties stipulated that the adjusted basis of the property on the date of the sale was $ 163,500; the expenses incurred totaled $ 33,996; and thus the gain on the sale of the residence was $ 88,004. Petitioner did not report any gain on the sale of the property on his 1989 Federal income tax return. At all relevant times, petitioner has maintained his personal residence within the United States and has not rolled over the gain on the sale of the home into the purchase of another qualified residence. In a letter dated November 28, 1989, from petitioner to Justin Spain Real Estate *468 Inc., petitioner requested that the proceeds from the sale be held on deposit until after January 12, 1990. The contract for sale, dated December 1, 1989, provides for $ 20,000 to be paid upon the signing of the contract and for the balance in the amount of $ 265,500 to be paid at settlement. The contract also provided in pertinent part: Buyer agrees to allow Seller, Louis DeMauro, to remain in property until January 14, 1990, at a rental of $ 22.00 per day.
Neither the contract nor the settlement provided for any type of escrow arrangement. The settlement took place on December 14, 1989, and provided for cash in the amount of $ 133,429.74, after adjustments, due to seller. On his 1989 Schedule C, petitioner deducted $ 20,961.02 in expenses. Petitioner maintained no books and records, and he stated that the amounts deducted on his Schedule C were estimates of the expenses incurred during the year. Petitioner also claims that the expenses were categorized incorrectly. He presented invoices for expenses, but in most cases the record lacks proof that the expenses were in fact paid; that they were business related; or that they were not otherwise reimbursed by Coldwell. *469 Respondent has allowed petitioner $ 4,756 of his claimed Schedule C expenses. Respondent issued a statutory notice of deficiency to petitioner. In the notice respondent asserted a deficiency in and additions to petitioner's 1989 Federal income tax in regard to unreported capital gain income; the disallowance of Schedule C expenses; disallowance of medical expenses; [3] assessment of self-employment tax; [4] and a penalty for negligence or intentional disregard of rules and regulations pursuant to section 6662. OPINION As an initial consideration, petitioner raised *470 a number of arguments for the first time at trial and on brief. Any issue not raised in the pleadings shall be deemed to be conceded. Rule 34(b)(4). This Court has held on numerous occasions that it will not consider issues which have not been properly pleaded. Foil v. Commissioner, 92 T.C. 376, 418 (1989), affd. 920 F.2d 1196 (5th Cir. 1990); Markwardt v. Commissioner, 64 T.C. 989, 997 (1975), and cases cited therein. Accordingly, we will not consider any of these issues. Issue 1. Gain on Sale of Residence
Petitioner asserts that the gain is not taxable because of the deferral provisions under section 1034. Respondent asserts that petitioner did not satisfy the requirements under section 1034. Gain from the sale of a personal residence is not recognized, provided a new residence is either purchased or constructed by the taxpayer within a period beginning 2 years before the date of such sale and ending 2 years after such date and the adjusted sales price of the old residence is less than the cost of the new residence. Sec. 1034(a), (c). The running of the period of time to purchase *471 a replacement residence is suspended for the period in which the taxpayer has a "tax home" outside the United States, not to exceed 4 years after the date of the sale of the old residence. Sec. 1034(k). The term "tax home" means with respect to any individual, such individual's home for purposes of section 162(a)(2). Sec. 911(d)(3). An individual shall not be treated as having a tax home in a foreign country for any period for which his abode is within the United States. Id. "Tax home" is considered to be the taxpayer's regular or principal place of business or if none, then his place of abode in a real or substantial sense. Commissioner v. Stidger, 386 U.S. 287 (1967). To qualify for nonrecognition, petitioner must physically occupy or live in the new home before the expiration of the replacement period. Bayley v. Commissioner, 35 T.C. 288 (1960); Stanley v. Commissioner, 33 T.C. 614 (1959). The courts, and in particular this Court, have unequivocally abided by this rule. Henry v. Commissioner, T.C. Memo. 1982-469. Absolute compliance is required *472 even where the taxpayer was prevented from acquiring or moving into the new residence on time due to circumstances beyond his control. Bayley v. Commissioner, supra (construction delay); Gelinas v. Commissioner, T.C. Memo. 1976-103, affd. without published opinion 573 F.2d 1285 (1st Cir. 1978) (construction wrongfully delayed by acts of a state agency). The decisions consistently hold that the time limits of section 1034 are uniformly applicable, and the courts are without authority to weigh the merits of the events precipitating delay to determine whether the time limits may be waived or extended. Henry v. Commissioner, supra.
Petitioner asserts that (1) he was unable to meet the section 1034 requirements because a lien was placed on his bank account by respondent relating to the 1985 year, and (2) he intended to relocate to England. Respondent counters that petitioner has not complied with the section 1034 requirements and any actions on her part do not affect the statutory time for rollover. Although petitioner's purchase may have been affected by *473 respondent's lien, we are precluded from providing him with any relief. The rule is strict and "Extensions of section 1034(a)'s time limits are available only when a specific statutory provision so provides." Henry v. Commissioner, supra (citing Moore v. Townsend, 577 F.2d 424, 428 n.7 (7th Cir. 1978)). The only evidence petitioner presented regarding relocation outside of the United States was his own self-serving testimony. Petitioner was not transferred to England, and he has continuously been living in the United States. To obtain the extension of time to purchase a replacement residence, he must comply with the statute by relocating outside the United States. Although petitioner may have planned to relocate to England, petitioner did not move to England. We conclude that the additional time provided by section 1034(k) does not apply. Since petitioner did not comply with the statute, he cannot defer the gain on the sale of his residence. Petitioner's final argument for not reporting the gain in 1989 is that the gain was reported on his Federal income tax return for 1990. Petitioner asserts that the proceeds *474 were deposited into an escrow account and were not distributed to him until January 1990. Respondent contends that the purported escrow deposit, pursuant to the letter dated November 28, 1989, from petitioner to the real estate agent, was at petitioner's request, and therefore the proceeds were properly includable in petitioner's 1989 income. Petitioner counters that the buyer wanted the proceeds put in escrow until petitioner vacated the house and until petitioner proved that there was no lien on the house as a result of the litigation with Coldwell. Generally, cash basis taxpayers, must include all items of income in the gross income for the taxable year in which actually or constructively received. Sec. 451(a); sec. 1.451-1(a), Income Tax Regs. "Income although not actually reduced to a taxpayer's possession is constructively received by him in the taxable year during which it is credited to his account, set apart for him, or otherwise made available so that he may draw upon it at any time". Sec. 1.451-2(a), Income Tax Regs. The doctrine of constructive receipt is not to be lightly applied but to be invoked only where the facts clearly justify the conclusion that the amount *475 alleged to have been constructively received is subject to the taxpayer's unfettered withdrawal and free demand although not actually reduced to possession. Dial v. Commissioner, 24 T.C. 117, 123-124 (1955). The doctrine of constructive receipt has often been expressed to mean that "[a] taxpayer may not deliberately turn his back upon income and thus select the year for which he will report." Stone v. Commissioner, T.C. Memo. 1984-187 (quoting Hamilton National Bank v. Commissioner, 29 B.T.A. 63, 67 (1933)). The doctrine of constructive receipt will not be invoked if funds are deposited into a bona fide escrow account pursuant to an agreement between the purchaser and seller of property. McLaughlin v. Commissioner, 113 F.2d 611 (7th Cir. 1940); Warren Jones Co. v. Commissioner, 60 T.C. 663 (1973), revd. on other grounds 524 F.2d 788 (9th Cir. 1975); Johnston v. Commissioner, 14 T.C. 560 (1950). However, sale proceeds, or other income are constructively received when *476 available without restriction at the taxpayer's command; the fact that the taxpayer has arranged to have the sale proceeds paid to a third party and that the third party is, with taxpayer's agreement, not legally obligated to pay them to taxpayer until a later date, is immaterial. Harris v. Commissioner, 477 F.2d 812 (4th Cir. 1973) (citing Griffiths v. Commissioner, 308 U.S. 355 (1939)), revg. 56 T.C. 1165 (1971). Petitioner provided no evidence of the purchaser's involvement with an escrow arrangement aside from petitioner's self-serving testimony. The only evidence pertaining to the matter is the letter from petitioner to the real estate agent. Neither the contract for sale nor the settlement, both executed after the letter, provides for, or refers to the purported escrow. Therefore petitioner's escrow argument is without merit. Based on the foregoing, we hold that the sale of petitioner's residence was taxable in 1989 and thus respondent's determination is sustained. Issue 2. Schedule C Expenses
Petitioner claims that the expenses reported on his Schedule C are allowable, albeit *477 improperly categorized and estimated in some respects. Petitioner testified that certain of his expenses relate to his contract with Coldwell but that he did not receive reimbursements for all his expenses. Respondent disallowed petitioner's expenses that could not be verified or substantiated. Respondent also asserts that to the extent the expenses relate to petitioner's contract with Coldwell, the expenses are not deductible because they were subject to reimbursement. To the extent the expenses relate to his business after his termination from Coldwell, respondent asserts that such expenses are not deductible by petitioner because they were not substantiated or, in the alternative, were incurred on behalf of his corporations. Respondent argues against the Court's estimating the amount petitioner is entitled to deduct since petitioner has not provided a means of making a reasonable estimate of expenses. We first address respondent's lack of substantiation argument. As we have noted in the past, taxpayers in each instance bear the burden of proving respondent is incorrect in her determinations. Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933). *478 Moreover, deductions are a matter of legislative grace, and taxpayers bear the burden of proving that they are entitled to any deductions claimed. Rule 142(a); New Colonial Ice Co. v. Helvering, 292 U.S. 435 (1934). A taxpayer can deduct all the ordinary and necessary expenses paid during the year in carrying on any trade or business. Sec. 162(a). However, taxpayers are required to keep such records as the Secretary deems sufficient to show whether or not such taxpayer is liable for tax. Sec. 6001. A taxpayer is responsible for substantiating the amount of a deduction claimed, and if the taxpayer fails to do so, the Commissioner is justified in denying the deduction. Hradesky v. Commissioner, 65 T.C. 87, 90 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976). The mere fact that a taxpayer cannot prove the amount of an otherwise deductible item is ordinarily not fatal because we may, if convinced by the evidence, estimate the amount of deductible expenses incurred. Cohan v. Commissioner, 39 F.2d 540 (2d Cir. 1930) (known as the Cohan rule). The estimate *479 must, however, have some reasonable evidentiary basis. Vanicek v. Commissioner, 85 T.C. 731, 743 (1985). The evidence must show that at least the estimated amount was actually spent or incurred for the stated purpose. Williams v. United States, 245 F.2d 559 (5th Cir. 1957); Swedelson v. Commissioner, T.C. Memo. 1991-10. And in making the estimate, the Court will closely scrutinize a taxpayer whose inexactitude is of his own making. Cohan v. Commissioner, supra; Manning v. Commissioner, T.C. Memo. 1993-127. Petitioner has not offered any evidence to prove that respondent's determination is incorrect. Furthermore, petitioner has not offered evidence proving payment; or if payment was made he has not offered evidence that adequately substantiates the expenses. Due to the lack of evidence in the record we are not capable of estimating any deductible amount. As we have said, the burden is on the petitioner to prove entitlement to claimed deductions. Rule 142(a); New Colonial Ice Co. v. Helvering, supra. *480 Petitioner's testimony, in the absence of corroborating documents, is insufficient to overcome respondent's determination that the deductions are improper. Based on our conclusion it is not necessary that we discuss respondent's alternative arguments. Accordingly, we sustain respondent's determination that petitioner's deductible expenses on Schedule C are limited to $ 4,756. Issue 3. Addition to Tax
Respondent has determined an addition to tax under section 6662. Section 6662(b)(1) provides an addition to tax for negligence or disregard of rules or regulations. Negligence is defined as any failure to make a reasonable attempt to comply with the provisions of the Internal Revenue laws, and the term disregard includes any careless, reckless, or intentional disregard of rules or regulations. Sec. 6662(c). The taxpayer has the burden of proving that the Commissioner's determination of the additions to tax is erroneous. Rule 142(a); Luman v. Commissioner, 79 T.C. 846, 860-861 (1982); Bixby v. Commissioner, 58 T.C. 757 (1972). Petitioner presented no evidence to establish that he was not negligent or did not *481 disregard rules or regulations. Petitioner did not maintain records, as required by law and he failed to sustain his burden of proof on any of the issues. We hold that petitioner is liable for the addition to tax under section 6662. To reflect the foregoing, Decision will be entered for respondent.
Footnotes
1. Petitioner was originally represented by I. Jay Katz of Widener University School of Law Tax Clinic. (Entry of Appearance -- dated Sept. 14, 1993). Petitioner determined he did not require assistance of counsel, and the Court granted Mr. Katz's motion to withdraw on Nov. 24, 1993.↩
2. All section references are to the Internal Revenue Code in effect for the taxable year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.↩
3. The elimination of medical expense is an automatic adjustment due to the increase in petitioner's adjusted gross income. See sec. 213(a). The parties have stipulated to this fact.↩
4. The increase to self-employment tax is an automatic adjustment due to the increase in petitioner's self-employment income resulting from the disallowance of certain expenses as discussed in issue (2). See secs. 1401-1403. The parties have stipulated this fact.↩